WEIMER, J.,
concurring in part and dissenting in part.
hi agree this case merits this court’s supervisory review. However, for the rea *1008 sons that follow, I would docket this matter and resolve the merits following oral argument.
When the district court granted the motion to quash, a central reason was the state’s dismissing and reinstating charges against the defendant in order to effectively obtain a continuance of the trial date, after the district court had already denied the state’s request for a continuance. Additionally, the district court explained in a per curiam that the state has utilized this procedure frequently: “Nolle Prosequi should not be used by the State to grant itself a continuance whenever the trial court denies them one and they deem it to be necessary, as has become the standard practice by the District Attorney’s office in Orleans Parish.”
Similarly, when affirming the motion to quash, the court of appeal focused on the prosecution’s use of the nolle prosequi dismissal and the prosecution’s subsequent reinstatement of charges. The court of appeal explained that the “State bears the lion’s share of the fault for the delay,” because when “the State nolle prosequied the original case and reinstituted the charge under Case No. 503-291, the State delayed 12the case further when it failed to arraign him within the requisite thirty days.” State v. Bell, 2011-1573, p. 13 (La. App. 4 Cir. 12/19/12), 106 So.3d 754, 762-63.
In its analysis, the per curiam of this court makes no mention of the prosecution’s use of the nolle prosequi dismissal and reinstatement of charges. According to the defendant, he had retained counsel, but because of a 30-month delay,[1] he can no longer afford his retained counsel. The majority treats the defendant’s inability to retain counsel as an issue requiring the defendant to show that his appointed counsel “has been providing, or would in future provide, ineffective assistance.” State v. Perry Bell, No. 2013-0117, slip op. at 1.
In framing the issue in this manner, the majority overlooks that the right to retain counsel of one’s choosing is guaranteed in La. Const, art. 1, § 13 (“At each stage of the proceedings, every person is entitled to assistance of counsel of his choice, or appointed by the court if he is indigent and charged with an offense punishable by imprisonment.”). Also, the state has yet to refute the defendant’s contention that the state’s delay in trying his case has contributed to the defendant’s inability to keep the counsel he had chosen and retained.
I therefore agree that the present application for supervisory review should be granted. However, I respectfully dissent inasmuch as I would defer ruling on the merits of whether the district court abused its discretion in granting the motion to quash until this case is docketed and orally argued, with a full record for this court’s review. The defendant’s presently unre-futed complaint that because of an inordinate delay he was prejudiced by no longer being able to afford his counsel of choice should not be summarily dismissed. Moreover, when as here, the district court has |sobserved the prosecution has been denied a continuance by the district court, but has effectively granted itself a continuance through a nolle prosequi and reinstatement of charges, the prosecution should have the burden of establishing the defendant has not been prejudiced. See State v. Love, 00-3347 (La.5/23/03), 847 So.2d 1198, 1213-14 (Weimer, J., concurring in part, dissenting in part).

. The 30-month delay to which the per cu-riam refers was the time period referenced by the court of appeal. The delay is now four years since the defendant was originally arrested.